**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| ISLANBEK ABDYLDAEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0729-HE |
| | ) | |
| DR. SCARLET GRANT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Islanbek Abdyldaev seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). He is currently detained at Cimarron Correctional Facility in Cushing, Oklahoma.

According to the petition and record, petitioner is a native and citizen of Kyrgyzstan. He applied for admission into the United States from Mexico via Pedestrian west at the San Ysidro Port of Entry on or about December 9, 2022. The U.S. Department of Homeland Security determined petitioner was inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), and commenced "Section 240" removal proceedings against him on that basis. Thereafter, petitioner applied for asylum. According to the petition, petitioner was taken into ICE custody on April 1, 2026, after an encounter at a weigh-in station while working as a truck driver.

In his petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the INA and the Fifth Amendment due process clause.  Petitioner requests, as part of his relief, release from custody, or alternatively, a bond hearing pursuant § 1226(a).  As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply.  The matter is at issue.

Respondents, in their briefing, acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention under similar circumstances to those present in this case, and understands the case may be decided in a similar fashion.  Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decisions of the Eighth and Fifth Circuit Courts of Appeals in Avila v. Bondi, 170 F.4th 1128, 1133-1138 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior rulings.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in

2

this district[1] as well as the rulings by the Second Circuit Court of Appeals in <u>Cunha v. Freden</u>, No. 25-3141-pr, slip op. (2d Cir. Apr. 28, 2026) and the Seventh Circuit Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  The court also remains persuaded that § 1225(b)(2)(A) does not apply despite the petitioner's filing of an asylum application.  *See* <u>Li v. Grant</u>, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

---

[1] *See* <u>*Lopez v. Corecivic Cimmaron Correctional Facility*</u>*, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* <u>*Valdez v. Holt*</u>*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* <u>*Colin v. Holt*</u>*, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* <u>*Escarcega v. Olson*</u>*, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[2] *The court declines to decide the merits of petitioner's other grounds for relief in the habeas petition in light of its ruling that § 1226(a) governs petitioner's detention.*

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 30th day of April, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE